[No. 54. Decided May 28, 1890.]

EDWARD E. HICKMAN v. ELLEN A. HICKMAN.

DIVORCE — CHRONIC DEMENTIA — CONSTITUTIONAL LAW.

Under the organic act providing that the legislative power of every territory shall extend to all rightful subjects of legislation, an act of the legislature of Washington Territory, making incurable chronic mania or dementia existing for ten years or more a ground of divorce, is valid and within the power of the territorial legislature.

*Appeal from Superior Court, Jefferson County.*

Action brought in the superior court of Jefferson county for divorce upon the ground of incurable chronic mania or dementia of the defendant, existing for more than ten years

17—1 WASH.

prior to the commencement of the action. There was a
general demurrer to the complaint interposed by defend-
ant. An order was entered sustaining the demurrer, from
which order plaintiff appealed.

*Hays & Plumley*, for appellant.

The opinion of the court was delivered by

Scott, J. — Appellant brought this suit in the superior
court of Jefferson county to obtain a divorce, upon the
ground of incurable chronic mania or dementia of the de-
fendant, existing for more than ten years prior to the com-
mencement of the action. The defendant, by her guardian
*ad litem*, interposed a general demurrer to the complaint.

The sole question presented to us in the case is, as to the
validity of the act of the territorial legislature approved
December 22d, 1885, making such incurable chronic
mania or dementia one of the grounds upon which di-
vorces might be granted, where the affliction had existed
for ten years or more. The judge of the superior court
before whom the cause was tried held that the act was con-
trary to public policy, and was, therefore, unconstitutional.
No other objection was urged here, nor is there any appar-
ent defect in the act; however it may be regarded as a
measure of public policy, the power of our territorial
egislature, under the organic act, extended to all rightful
subjects of legislation. The reasons for which divorces
might be granted have always been recognized as one of
them, under our system of government. In fact, our
territorial supreme court held that the legislature could
itself grant a divorce by a special act; *Maynard v.
Valentine*, 2 Wash. T. 3; and this was subsequently af-
firmed by the supreme court of the United States. *May-
nard v. Hill*, 125 U. S. 190. It follows that the
legislature could authorize the granting of divorces
by the courts, for any causes that the legislature

deemed sufficient, and whether the same should be due to misfortune or misbehavior, could not affect the validity of such laws.

The judgment of the lower court is reversed.

ANDERS, C. J., and HOYT, DUNBAR and STILES, JJ., concur.